[Cite as *State v. Veon*, 2023-Ohio-3333.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JACK ROWLAND VEON, II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0045**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 533

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Alec A. Beech*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office*,* 135 South Market Street, Lisbon, Ohio  44432, for Plaintiff-Appellee and

*Atty. Charles A.J. Strader*, Attorney Charles Strader, LLC, 175 Franklin Street SE, Warren, Ohio  44481, for Defendant-Appellant.

Dated:  September 14, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Jack Rowland Veon, II, appeals from a Columbiana County Common Pleas Court judgment finding him guilty of two counts of aggravated possession of drugs, following a jury trial.

{¶2} As a result of an investigation by the Columbiana County Drug Task Force (task force) of suspected drug activity at Appellant's residence, the task force obtained a search warrant for Appellant's home. The task force executed the warrant on February 11, 2021.

{¶3} When the task force entered the house, Appellant, his girlfriend Mary Beth Kiehl, and her juvenile son were in the kitchen. Another housemate, Robert Crespo, was in the basement. The search was led by Detective Sergeant Brett Grabman.

{¶4} During the search, methamphetamine, Psilocyn, and drug paraphernalia were found in the master bedroom, a room shared by Appellant and Kiehl. Drug paraphernalia was also found throughout the home. Paraphernalia included smoking pipes, vials, and digital scales. Multiple cell phones and money were also found.

{¶5} A Columbiana County Grand Jury indicted Appellant by way of secret indictment on October 13, 2021. The indictment charged Appellant with two counts of aggravated possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A). The indictment identified the drugs as methamphetamine and Psilocyn. Kiehl was also charged separately with drug possession.

{¶6} The case proceeded to a jury trial on October 12, 2022. The jury found Appellant guilty as charged. The trial court subsequently sentenced Appellant to consecutive 11-month prison sentences.

{¶7} Appellant filed this timely appeal on November 2, 2022. He now raises four assignments of error. We will address Appellant's assignments of error out of order for ease of discussion.

{¶8} Appellant's second assignment of error states:

THE CONVICTION OF THE DEFENDANT/APPELLANT, JACK ROWLAND VEON, II, WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE, AND, AS A RESULT, THEREOF, MUST BE REVERSED.

{¶9} Appellant contends Plaintiff-Appellee, the State of Ohio, failed to present any evidence that indicated he knowingly possessed the drugs. Appellant argues the evidence did not demonstrate constructive possession.

{¶10} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). Sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d at 113. When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *State v. Thorn*, 7th Dist. Belmont Nos. 16 BE 0054, 17 BE 0013, 2018-Ohio-1028, ¶ 34, citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

{¶11} A sufficiency of the evidence challenge tests the burden of production while a manifest weight challenge tests the burden of persuasion. *Thompkins* at 390 (Cook, J., concurring). Therefore, when reviewing a sufficiency challenge, the court does not evaluate witness credibility. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 747 N.E.2d 216, ¶ 79. Instead, the court looks at whether the evidence is sufficient if believed. *Id.* at ¶ 82.

{¶12} The jury convicted Appellant of aggravated possession of drugs in violation of R.C. 2925.11(A), which provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Pursuant to R.C. 2925.01(K), to "possess" means "having control over a thing or substance, but may not be inferred

solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

**{¶13}** In the context of drug offenses, "possession" may be either actual possession or constructive possession. *State v. Carter*, 7th Dist. Jefferson No. 97-JE-24, 2000 WL 748140, *4 (May 30, 2000). "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976).

**{¶14}** Det. Sgt. Grabman was the State's sole witness. Thus, we must examine his testimony to determine if the State presented evidence going to each element of aggravated drug possession.

**{¶15}** Det. Sgt. Grabman testified that the task force came to believe drugs were being stored or sold from 36358 Teagarden Road. (Tr. 117). This belief was partially due to two traffic stops of vehicles leaving this residence. (Tr. 117). One traffic stop was of Kiehl, who was charged with operating a vehicle while under the influence. (Tr. 118). Kiehl confirmed that she and Appellant both resided at the Teagarden Road address. (Tr. 120). During another traffic stop, the driver had drugs on him that he stated he had purchased from the Teagarden Road address. (Tr. 119). The task force also retrieved a receipt from the trash outside of the Teagarden Road residence that had Appellant's name and address on it. (Tr. 120).

**{¶16}** Det. Sgt. Grabman testified that when the task force entered Appellant's house, Appellant was in the kitchen with Kiehl and her young son. (Tr. 123). Another man was in the basement. (Tr. 123).

**{¶17}** The task force searched the master bedroom, which contained both men's and women's clothing and personal items. Inside a dresser drawer that contained men's underwear, the task force found a bag containing crystal methamphetamine. (Tr. 129). On a different dresser, the task force located vials with a "crystal-like" substance in them. (Tr. 130). Additionally, they found white powder on the dressers. (Tr. 130). And they found drug pipes, pills, a cut straw, and other drug paraphernalia. (Tr. 129-130, 135-136). These items were all in plain view in the master bedroom. (Tr. 136).

**{¶18}** Det. Sgt. Grabman sent some of the items to the Bureau of Criminal Identification and Investigation (BCI) for testing. (Tr. 131). The BCI report concluded that the items tested included: .21 grams of methamphetamine; .22 grams of methamphetamine; .17 grams of methamphetamine; .15 grams of Psilocyn, a hallucinogenic mushroom; and Suboxone, a prescription medication prescribed to help with withdrawal symptoms for opiate users. (Tr. 132-133).

**{¶19}** A defendant's conviction for drug possession can be based upon circumstantial evidence of possession. *State v. DeSarro*, 7th Dist. Columbiana No. 13 CO 39, 2015-Ohio-5470, ¶ 41. When drugs are readily usable and found in very close proximity to a defendant these facts may constitute circumstantial evidence and support a conclusion that the defendant had constructive possession of the drugs. *State v. Barker*, 7th Dist. Jefferson No. 05-JE-21, 2006-Ohio-1472, ¶ 78, quoting *State v. Kobi*, 122 Ohio App.3d 160, 174, 701 N.E.2d 420 (1997).

**{¶20}** In this case, the evidence indicated that Appellant and Kiehl shared the master bedroom. The drugs were located in the master bedroom. Some of the methamphetamine was found in a dresser drawer containing men's underwear, indicating it was in Appellant's constructive possession. As for the remainder of the drugs found, "two persons may constructively possess the same thing." *State v. Jackson*, 9th Dist. Summit Nos. 22378 and 22394, 2005-Ohio-5184, ¶ 19, citing *State v. Galindo*, 6th Dist. No. L-98-1242, 1999 WL 461749, *3 (July 9, 1999). So the fact that there were two people who shared the bedroom where the drugs were found does not detract from Appellant's possession.

**{¶21}** The circumstantial evidence presented by the State in this case was sufficient to demonstrate that Appellant had constructive possession of the drugs found in the master bedroom.

**{¶22}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶23}** Appellant's third assignment of error states:

THE COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE DEFENDANT'S MOTION FOR ACQUITTAL, PURSUANT TO CRIMINAL

RULE 29(A) AT THE CONCLUSION OF THE CASE BY THE STATE OF OHIO.

**{¶24}** Appellant challenges the denial of his Crim.R. 29 motion for acquittal contending there was insufficient evidence presented to sustain a conviction.

**{¶25}** At the close of the State's case, Appellant's counsel moved for an acquittal based on Crim.R. 29(A). (Tr. 164). Pursuant to Crim.R. 29(A):

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.

**{¶26}** An appellate court reviews a denial of a motion to acquit under Crim.R. 29 using the same standard that an appellate court uses to review a sufficiency of the evidence claim. *State v. Rhodes*, 7th Dist. Belmont No. 99-BA-62, 2002-Ohio-1572, at ¶ 9; *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995).

**{¶27}** As discussed above, the State presented sufficient evidence to sustain Appellant's convictions. The same analysis applies here.

**{¶28}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

**{¶29}** Appellant's first assignment of error states:

> THE CONVICTION OF THE DEFENDANT/APPELLANT, JACK ROWLAND VEON, II WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND, AS A RESULT, THEREOF, MUST BE REVERSED.

**{¶30}** Appellant argues his convictions were against the manifest weight of the evidence. Appellant contends the jury erred in their interpretation of what constitutes knowingly possessing the drugs involved. Appellant further contends the evidence in this case does not satisfy the requirements for constructive possession.

**{¶31}** In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all

reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387. "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" *Id.* (Emphasis sic.). In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. *Id.* at 390.

**{¶32}** Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶33}** Appellant took the stand in his defense. Thus, in addition to the evidence put forth by the State and set out previously, we must also consider Appellant's testimony in determining whether Appellant's convictions were against the manifest weight of the evidence.

**{¶34}** Appellant admitted that the drugs were found in his bedroom. (Tr. 175, 182). He stated he had probably been in that bedroom two hours before the search warrant was executed. (Tr. 175-176, 182). He stated that he had not seen the crystal meth in the drawer with the men's underwear. (Tr. 176). He also denied ever seeing the Psilocyn. (Tr. 177). As to the crystal meth that was found in a vial on the dresser, Appellant stated Kiehl had a lot of little vials with actual crystals that she used for crafts. (Tr. 177).

**{¶35}** Appellant admitted he had struggled with drugs in the past but that he had been sober since October 2019. (Tr. 172). Appellant testified that he had suspected Kiehl was using drugs. (Tr. 176). When asked how the drugs got into his house, Appellant stated that he suspected Robert Crespo, who was staying with Appellant at the time, brought the drugs in. (Tr. 178).

**{¶36}** Considering the State's evidence and Appellant's testimony, we cannot conclude the jury clearly lost its way in finding Appellant guilty of aggravated drug possession. As noted above, a defendant's conviction for drug possession can be based upon circumstantial evidence of possession. *DeSarro*, 2015-Ohio-5470, ¶ 41. Appellant

admitted that the drugs were found in his bedroom, both in his dresser and in plain view. He also admitted to previously having a drug problem. Thus, the drugs would have been easily recognizable to him. Appellant further acknowledged that he had been in his bedroom just two hours prior to the execution of the search warrant. While he claimed he did not see the drugs in his bedroom at that time, this was a question of credibility for the jury to determine.

{¶37} This analysis hinges on a credibility determination. The jury was tasked with evaluating whether Appellant was telling the truth when he testified that the drugs found in the bedroom were not his and that he had no knowledge that they were there. The jurors were in the best position to observe Appellant's gestures, voice inflections, and demeanor. *DeHass*, 10 Ohio St.2d 230. The jury clearly found Appellant's testimony to be not credible.

{¶38} Accordingly, Appellant's first assignment of error is without merit and is overruled.

{¶39} Appellant's fourth assignment of error states:

THE COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT/APPELLANT, JACK ROWLAND VEON, II, TO CONSECUTIVE SENTENCES FOR THE CONVICTION OF TWO (2) COUNTS OF AGGRAVATED POSSESSION OF DRUGS.

{¶40} Appellant contends the trial court failed to take into account the two counts of drug possession were of the same stature, with the same penalties, and occurred out of a single course of conduct. Appellant asserts the court should have ordered him to serve his sentences concurrently instead of consecutively.

{¶41} An appellate court's standard for review on sentencing matters is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Instead, when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶42}** The Ohio Supreme Court recently addressed an appellate court's standard when reviewing consecutive sentences:

> [A]ppellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

*State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 1.

**{¶43}** In this case, the trial court sentenced Appellant to 11 months on each of the two aggravated drug possession convictions. It ordered him to serve the sentences consecutively.

**{¶44}** As to the issue of consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to make specific findings:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶45}** It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning, 2015-Ohio-4100, 43 N.E.3d 797, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶46}** In sentencing Appellant to consecutive sentences, the trial court made the required statutory findings. The court recited each of the statutory factors on the record. (Tr. 256-258). It continued on to find that consecutive sentences were necessary, the seriousness of Appellant's conduct and his continued criminal conduct warranted consecutive sentences, and Appellant committed these offenses while on a community control sanction. (Tr. 258-259).

**{¶47}** Appellant argues that the record does not support the findings the sentencing court made to justify consecutive sentences.

**{¶48}** In *Gwynne*, the Ohio Supreme Court held "that based on the language of R.C. 2929.14(C)(4), the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences. Rather, these findings must be made in consideration of the aggregate term to be imposed." *Gwynne*, 2022-Ohio-4607, at ¶ 1.

**{¶49}** The *Gwynne* Court elaborated on the appellate review standard, noting that while an appellate court essentially functions in the same manner as the trial court when

imposing consecutive sentences, there are three differences the appellate court must heed. *Id.* at ¶ 21. First, "the appellate court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made." *Id.* The Court explained that an appellate court cannot determine for itself which of the three R.C. 2929.14(C)(4)(a)-(c) findings might apply. *Id.* Second, while the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence, the appellate court's standard of proof is clear and convincing evidence. *Id.* Third, "is the inversion of the ultimate question before the court." *Id.* The Court elaborated on this point noting that while "the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record." *Id.*

**{¶50}** The Ohio Supreme Court went on to set out "practical guidance" for appellate review. Here, it emphasized the steps set out above and then elaborated on some points. Specifically, the Court noted that "[a] record that is devoid of evidence simply cannot support the findings required by R.C. 2929.14(C)(4); there must be an evidentiary basis upon which these findings rest." *Id.* ¶ 28. The Court stated that whatever evidentiary basis there is, it must be adequate to fully support the trial court's consecutive-sentence findings. *Id.* at ¶ 29. It emphasized that an "appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results." *Id.*

**{¶51}** Prior to sentencing Appellant, the court reviewed his presentence investigation (PSI). (Tr. 249). The court relied heavily on Appellant's criminal record, which is included in the record. After a juvenile record from 1993-1996, his adult criminal record began in 1998. Appellant's misdemeanor offenses included underage consumption, criminal trespass, breaking and entering, disorderly conduct, passing bad checks, and possession of drugs. (Tr. 249-251). At the time of the most recent offense,

Appellant was on probation from a single felony count of aggravated possession of drugs. (Tr. 250-251). The trial court stated, "[s]eriousness and recidivism factors, the Court finds, are both high." (Tr. 256). The court also considered the fact that when it told Appellant it was going to drug test him, Appellant stated that the test would be positive. (Tr. 240-241). The court pointed out then that Appellant's claim of sobriety was a lie. (Tr. 241).

**{¶52}** Given Appellant's vast criminal history and drug use and the trial court's reliance on this information, the evidence supports the trial court's findings and the imposition of consecutive sentences.

**{¶53}** Accordingly, Appellant's fourth assignment of error is without merit and is overruled.

**{¶54}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**