[Cite as *State v. Bigsby*, 2024-Ohio-2761.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BRIAN K. BIGSBY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0127**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 22 CR 297

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Martin Yavorcik*, for Defendant-Appellant.

Dated: July 17, 2024

**HANNI, J.**

**{¶1}** Defendant-Appellant, Brian K. Bigsby, appeals from a judgment by the Mahoning County Court of Common Pleas convicting him of two counts of rape and imposing a consecutive sentence against him. Appellant was sentenced to serve an indefinite prison term of 11 years minimum and 16 years maximum on count one and 7 years in prison on count two. The court imposed consecutive sentences. For the following reasons, we find no merit to Appellant's sole assignment of error and affirm the trial court's judgment.

**{¶2}** On June 3, 2022, Appellant was indicted for three first-degree felony counts of rape in violation of R.C. 2907.02(A)(2)(B) and one count of fourth-degree gross sexual imposition in violation of R.C. 2907.05 (A)(1)(C)(1). The indictment alleged that on the night of April 3, 2022, Appellant raped his 16-year-old biological daughter twice and raped her again on the morning of April 4, 2022.

**{¶3}** He initially pled not guilty by reason of insanity on August 12, 2022. However, the trial court found Appellant competent to stand trial based on two evaluation reports. Following the rejection of his insanity defense, Appellant entered a guilty plea to two of the first-degree rape counts in violation of R.C. 2907.02(A)(2)(B). He was sentenced on November 2, 2023 to 11 to 16.5 years in prison on the first rape count and 7 years in prison on the second rape count. The court ordered these sentences to run consecutively, totaling a prison term of 18 to 23.5 years.

**{¶4}** Appellant filed a timely notice of appeal on November 28, 2023, and raises the following sole assignment of error:

**THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.**

**{¶5}** Appellant contends that abuse of discretion is not this Court's standard of review over a trial court's sentence. He quotes *State v. Marcum*, 2016-Ohio-1002, ¶ 1, which provides that an appellate court must affirm a trial court's sentence unless the evidence clearly and convincingly fails to support the trial court's findings under the

sentencing statutes or the sentence is otherwise contrary to law. Appellant asserts that the trial court's consecutive sentence in his case is not supported by the record.

**{¶6}** Appellant admits that the trial court made consecutive sentence findings at the hearing and in its judgment entry as required. However, he asserts that he was clearly delusional at the time of the incidents and he suffers from a severe mental disease as recognized by Dr. Jessica Hart and Dr. Robert Stinson. He quotes his statement to the victim's mother that, "I don't know why I did it, but I had to get her pregnant. I raped our daughter. Do not call the police or they will kill you." (Sent. Tr. at 4).

**{¶7}** Appellant also contends that his counsel correctly argued that although he failed to qualify under Ohio's modified M'Naghten test, he would have been found not guilty by reason of insanity under the Durham Product test, which is the test used by other states. He further admits to a history of criminal conduct, but contends that may be due to a severe and untreated mental disease.

**{¶8}** Appellant's assignment of error lacks merit. The Ohio Supreme Court has addressed the appellate court's standard when reviewing consecutive sentences:

> [A]ppellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

*State v. Gwynne*, 2022-Ohio-4607, ¶ 1.

**{¶9}** Pursuant to R.C. 2929.14 (C)(4), a trial court may impose a consecutive sentence if it finds that the sentence is (1) necessary to protect the public from future crime or to punish the offender, (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court must also make one of these additional findings:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** Further, the court is not required to recite the statute verbatim or utter "magic" or "talismanic" words as the court must only show that they meet each of the three requirements set out in R.C. 2929.14(C)(4). *State v. Veon*, 2023-Ohio-3333, ¶ 45 (7th Dist.). The court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry. *State v. Bonnell,* 2014-Ohio-3177, ¶ 37. However, the court has no obligation to state the reasons supporting its findings. *Id.*

**{¶11}** The trial court in this case indicated both in its sentencing entry and at the sentencing hearing that it had considered the principles and purposes of sentencing under Ohio Rev. Code 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court held that consecutive sentences were necessary in order to protect the public and punish Appellant. (11/15/23 J.E., Sent. Tr. at 22-24). We find that the record clearly and convincingly supports the trial court's finding satisfying the first requirement under R.C. 2929.14(C)(4). The nature of the crime, a father raping his daughter, justifies a consecutive sentence as appropriate punishment. Appellant's lengthy violent criminal record also shows that he is a danger to the public.

**{¶12}** The record also clearly and convincingly satisfies the second requirement under R.C. 2929.14(C)(4) due to the nature of the crimes and the concern over Appellant's risk of recidivism. The court explained that the facts of the instant case and Appellant's criminal history were concerning for recidivism.

**{¶13}** Further, a consecutive sentence is not disproportionate to the crimes because Appellant's conduct in committing this crime, and his conduct in committing

previous crimes, are so serious that he clearly poses a danger to the public. In *State v. Power*, 2013-Ohio-4254, (7th Dist.), a case with similar facts to the instant case, we reviewed the issue of disproportionality to the seriousness of the conduct. Paul Power, like Appellant, was convicted of raping his minor female relative on two separate occasions. *Id.* at ¶ 2. We agreed with the trial court's explanation that concurrent sentences would fail to reflect the seriousness of the appellant's conduct and thus would be disproportionate. *Id.* at ¶ 42. Similarly here, sentencing Appellant to anything less than a consecutive sentence would be disproportionate and fail to reflect the seriousness of the crime. Appellant was in a familial position and entrusted to care for his daughter.

{¶14} The record clearly and convincingly also satisfies the third requirement for imposing a consecutive sentence because Appellant's criminal history makes him a danger to the public. We held in *Veon* that Veon's vast criminal history and likelihood of recidivism supported a consecutive sentence. *Veon*, 2023-Ohio-3333, ¶ 51 (7th Dist.). The trial court noted in the instant case that after reviewing the presentence investigation report, Appellant had a high likelihood of recidivism, and this finding is supported. Appellant served a ten-year prison sentence recently for felonious assault and aggravated burglary, and this lengthy sentence still failed to deter him from committing further crimes. (11/15/2023 J.E.; Sent. Tr. at 23). Further, a consecutive sentence is not disproportionate to the crimes because Appellant's conduct in committing this crime, and his conduct in committing previous crimes, are so serious that he clearly poses a danger to the public.

{¶15} Addressing Appellant's argument about meeting the not guilty by reason of insanity tests of other states, the fact remains that Appellant's diagnosis did not satisfy Ohio's M'Naghten test. The M'Naghten test in Ohio states that

> a person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe disease or defect, the wrongfulness of the person's act. R.C. 2901.01(A)(14).

– 6 –

**{¶16}** Accordingly, it is immaterial whether Appellant's diagnosis would have met another state's criteria for asserting an insanity defense. And this has no implication on whether the trial court properly imposed consecutive sentences.

**{¶17}** As *Marcum* and *Veon* dictate, the appellate court must uphold the trial court's sentencing decision unless the record does not clearly or convincingly support the trial court's finding or that the sentence is contrary to law. *Marcum*, 2016-Ohio-1002, ¶ 1; *Veon*, 2023-Ohio-3333, ¶ 41 (7th Dist.). In the case at hand, the evidence clearly and convincingly supports the trial court's findings.

**{¶18}** Accordingly, Appellant's sole assignment of error lacks merit and is overruled.

Robb, P.J., concurs.

Dickey, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**